**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KELVIN SMITH and ANGELIA SMITH,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1389-L |
| | § | |
| **DR. CAMERON CARMODY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Kelvin and Angelia Smith ("Plaintiffs") filed this action on July 13, 2005, against Defendants Dr. Cameron Carmody ("Dr. Carmody"), Dr. Kelly Wimberly ("Dr. Wimberly"), and Plano Orthopedics (collectively "Defendants"). Plaintiffs allege, among other things, medical malpractice by Defendants in their treatment of Kelvin Smith for a herniated disk and violation of Kelvin Smith's constitutional and civil rights. Plaintiffs also filed a motion for appointment of counsel.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 19, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. On August 9, 2005, the court granted Plaintiffs an extension until August 22, 2005, to file their objections to the Report. Plaintiffs filed Plaintiffs['] Objections to the Court[']s Finding[s] and Conclusions for Want of Jurisdiction on August 23, 2005 ("Objections").

The magistrate judge found that the court lacks subject matter jurisdiction in this action, as Plaintiffs have failed to allege a federal question arising under the Constitution or federal law. Report at 2. The magistrate recommends that the court dismiss Plaintiffs' complaint for want of jurisdiction. He further recommends that the court deny Plaintiffs' motion for appointment of counsel as moot. *Id.* at 3.

In their Objections, Plaintiffs contend that the court has subject matter jurisdiction because Kelvin Smith's constitutional rights under the Fourteenth Amendment were violated because of his race (black); and that Defendants wrongfully discriminated against the Plaintiffs and "infl[i]cted emotional distress intentional injury upon the Plaintiffs and refused to provide equal care[.]" Objections at 1-2. The court disagrees.

The United States Constitution protects individual rights only from *government* action, not from *private* action. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) (observing that "most rights secured by the Constitution are protected only against infringement by governments") (internal quotation marks and citations omitted). *See also United States v. Morrison,* 529 U.S. 598, 621 (2000) (holding that the Fourteenth Amendment "'erects no shield against merely private conduct, however discriminatory or wrongful'") (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948)). Only when the *government* is responsible for a plaintiff's complaint are individual constitutional rights implicated. *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.,* 531 U.S. 288, 295 (2001).

Plaintiffs bring this action against private individuals and a private entity. Private action may be deemed state action only where the challenged conduct may be "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). In determining whether seemingly

private conduct may be charged to the state, the Supreme Court has applied the following tests: 1) the public function test; 2) the state compulsion test; and 3) the nexus or joint action test. *Id.* (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. at 939. The inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case, irrespective of the test applied. *Bass*, 180 F.3d at 242.

Here, Plaintiffs complaint is devoid of any allegations which indicate, or from which one can reasonably infer, that the private conduct of the doctors is fairly attributable to the state. As private individuals or entities cannot violate a plaintiff's Fourteenth Amendment substantive due process or equal protection rights unless the state or some other government entity is somehow responsible for the private entity's activities, Plaintiffs' constitutional claims should be dismissed. Thus Plaintiffs' remaining claims of negligence and medical malpractice fail to allege a federal question arising under the Constitution or federal law and the court lacks subject matter jurisdiction.[*]

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Plaintiffs' objection thereto, the court determines that the findings and conclusions are correct. They are therefore accepted as those of the court. Accordingly, Plaintiffs' complaint is **dismissed without prejudice** for lack of subject matter jurisdiction. Plaintiffs' Motion for the Appointment of Counsel is **denied as moot.**

**It is so ordered** this 30th day of September, 2005.

Sam A. Lindsay
United States District Judge

---

[*]Likewise, nothing in the complaint alleges diversity of citizenship between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a)(1).

**Memorandum Opinion and Order – Page 3**